IN THE CIRCUIT COURT OF THE
FOURTH JUDICIAL CIRCUIT IN AND
FOR DUVAL COUNTY, FLORIDA

STEPHEN KNUTH,

    Plaintiff,

v.

CITIBANK N.A.,

    Defendant.

_____/

CASE NO:
**Jury Trial Demanded**

## COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Plaintiff STEPHEN KNUTH ("Mr. Knuth" or "Plaintiff") files suit against CITIBANK N.A. ("CITIBANK") and in support alleges:

### NATURE OF ACTION

1. This is an action for injunctive relief and damages in excess of $15,000 by Plaintiff, Stephen Knuth, an individual consumer, for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 et seq. ("FCCPA") by CITIBANK. Fundamentally, this case is about CITIBANK's refusal to respect Mr. Knuth's personal and legal rights in its attempts to collect an alleged debt.

### JURISDICTION

2. Jurisdiction of this Court arises pursuant to Fla. Stat. § 26.012, Fla. Stat. § 559.77(1) and 47 U.S.C. § 227(b)(3).

FILED: DUVAL COUNTY, RONNIE FUSSELL, CLERK, 05/04/2016 09:45:20 AM

## THE PARTIES

3. Plaintiff, Stephen Knuth, is a natural person residing in Duval County, Florida.

4. Defendant CITIBANK, is a chartered National Bank with its headquarters located at 701 East 60th Street North, Sioux Falls, South Dakota 57104, County of Minnehaha.

5. Defendant is a corporate entity responsible for attempting to collect a debt from Plaintiff and transacts business in the State of Florida.

6. Plaintiff had an alleged debt to CITIBANK arising out of personal, family, or household purposes.

7. Plaintiff is the regular user and subscriber of the cellular telephone 954-290-6537 and was the recipient of the CITIBANK calls.

8. Plaintiff is the "called party." *See Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 643 (7th Cir. 2012).

9. Plaintiff is a "consumer" as defined in Florida Statute Section 559.55(2).

10. Plaintiff hired Davis Law Firm to represent him with regard to all debts and claims that his creditors may have had against him, and to seek relief from the overwhelming volume of debt collection calls and letters that Plaintiff was receiving.

## BACKGROUND

11. Plaintiff has a Best Buy credit card account issued by CITIBANK.

12. Beginning in July 2014, Plaintiff began to receive multiple telephone calls to his cell phone (954-290-6537) from CITIBANK in an attempt to collect an alleged debt.

13. On July 28, 2014, Mr. Knuth answered one of the CITIBANK calls and gave directions to "stop calling" him several times and revoked consent for CITIBANK to call him.

14. In addition, on July 28, 2014, Mr. Knuth faxed a **cease and desist letter** to

CITIBANK's notifying the defendant found the calls overly aggressive and abusive in nature. The letter stated:

> "I Stephen Knuth, execute a Cease and Desist Order on Best Buy and all of its employees effective immediately, based on unprofessional and abusive conduct by its employees. I am requesting that all contact with me be in writing, including monthly billing statements. Stephen Knuth"

15. A copy of the faxed cease and desist letter is attached as Exhibit "B."

16. Despite his request for the calls to stop, CITIBANK continued to call Plaintiff's cellular phone.

17. During many of these calls, Mr. Knuth informed CITIBANK that he already sent a cease and desist request.

18. After the July 28, 2014 conversation, and the cease and desist letter, CITIBANK called Mr. Knuth's cell phone at least an additional 15 times.

19. The alleged debt that is the subject matter of this complaint is a "consumer debt" as defined by Florida Statute Section 559.55(1).

20. CITIBANK called the Plaintiff using telephone number 877-561-2272 and 502-522-2011.

21. Exhibit "A" displays the times and dates of at least some of the telephone calls made by CITIBANK to Mr. Knuth's cellular telephone.

22. The phone number 877-561-2272 is a number that does or did belong to CITIBANK or its agents.

23. The phone number 502-522-2011 is a number that does or did belong to CITIBANK or its agents.

24. The phone number 888-608-9419 is a number that does or did belong to CITIBANK or its agents.

25. The phone number (866) 328-0918 is a number that does or did belong to CITIBANK or its agents.

26. CITIBANK attempted to collect a debt from Plaintiff by this campaign of telephone calls.

27. The telephone calls made to Plaintiff's cellular telephone were willfully or knowingly made.

28. The telephone calls made to Plaintiff's cellular telephone were made using an automatic telephone dialing system.

29. The telephone calls made by CITIBANK were made using an artificial or prerecorded voice.

30. CITIBANK did not have Plaintiff's consent to call his cellular telephone using automatic telephone dialing equipment.

31. The telephone calls made to Plaintiff's cellular telephone were not made for emergency purposes.

32. CITIBANK uses automatic telephone dialing system.

33. CITIBANK has many similar complaints from consumers across the country to those alleged by Plaintiff in this lawsuit.

34. All conditions precedent to bringing this action have been performed or have been waived.

## COUNT I – VIOLATIONS OF THE TCPA BY CITIBANK

35. Mr. Knuth incorporates by reference paragraphs 1 through 34 of this Complaint.

36. CITIBANK willfully or knowingly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system and/or used a pre-

recorded or artificial voice to Plaintiff's cellular telephone without Plaintiff consent in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

37. WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant, CITIBANK for:

    a) Damages; and

    b) Such other or further relief as the Court deems equitable, just, or proper.

## COUNT II – VIOLATIONS OF FLORIDA CONSUMER COLLECTION PRACTICES ACT

38. Mr. Knuth incorporates by reference paragraphs 1 through 34 of this Complaint.

39. By continuing to contact Mr. Knuth despite having actual knowledge that Mr. Knuth did not consent to be called, by using automatic telephone dialing equipment to call Mr. Knuth's cellular telephone and using an artificial or pre-recorded voice, by calling him numerous times in a short time span, and by communicating with Mr. Knuth in a manner reasonably expected to harass Mr. Knuth, CITIBANK engaged in conduct which can reasonably be expected to abuse or harass Plaintiff in violation of Fla. Stat.§ 559.72(7).

40. Each harassing call is a separate violation of the FCCPA and a separate count in this complaint.

41. WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant, CITIBANK for:

    a) Actual and statutory damages;

    b) Attorney's fees and costs;

    c) A permanent injunction enjoining the Defendant from engaging in the violative practices; and

    d) Such other or further relief as the Court deems equitable, just, or proper.

DAVIS LAW FIRM

*s/TODD M. DAVIS*
TODD M. DAVIS, ESQ.
FL BAR NO. 58470
Bank of America Tower
50 N. Laura Street
Suite 2500
Jacksonville, FL 32202
904-400-1429 (T)
904-638-8800 (F)
TD@DavisPLLC.com